**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:14cv280**

| | |
|---|---|
| THOSE CERTAIN UNDERWRITERS ) <br> AT LLOYD'S, LONDON ) <br> SUBSCRIBING TO POLICY ) <br> CERTIFICATE NUMBER 466338, ) <br> ) <br> Plaintiff, ) <br> ) <br> ) <br> JEANNINE DINER, et al., ) <br> ) <br> Defendants. ) <br> _____ ) | **MEMORANDUM AND RECOMMENDATION** |

Pending before the Court is the Court's Show Cause Order and the parties' responses to the Order. Previously, the Court directed the parties to show cause why the Court should not recommend that the District Court decline to exercise jurisdiction in this matter and dismiss this action without prejudice so that the action can be filed in state court. Upon a review of the record, the parties' pleadings, and the relevant legal authority, the Court **RECOMMENDS** that the District Court **DISMISS without prejudice** this case.

**I.     Background**

Defendant Transformus, LLC is a North Carolina limited liability corporation responsible for putting on the Transformus festival. (Pl.'s Compl. ¶¶

-1-

5, 11; Pl.'s Compl. Ex. A.) Defendants Stephanie Moody and Laine Wheeler are North Carolina residents and registered nurses. (Pl.'s Compl. ¶¶ 3-4, 14; Pl.'s Compl. Ex. A.) Defendant Deerfields, Ltd. is a North Carolina limited liability corporation that owns and operates the land were Defendant Transformus held the Transformus festival. (Pl.'s Compl. ¶ 6; Pl.'s Compl. Ex. A.) Defendant Jeannine Diner is a North Carolina resident who attended the Transformus festival. (Pl.'s Compl. ¶¶ 2, 11; Pl.'s Compl. Ex. A.) Plaintiff is a foreign corporation that issued a commercial general liability insurance policy to Defendant Transformus, LLC. (Pl.'s Compl. ¶¶ 1, 18.)

On September 23, 2014, Defendant Diner brought an action against Defendants Moody, Wheeler, Transformus, and Deerfields in the Superior Court of Buncombe County assert claims arising out of an accident that occurred while Defendant Diner was attending the Transformus festival. (Pl.'s Compl. Ex. A.) Defendant Transformus made a demand upon Plaintiff to provide a defense in the state court action and to indemnify it from any award of damage. (Pl.'s Compl. ¶17.) Plaintiff is currently providing a defense to Defendant Transformus in the state court action subject to a reservation of rights to withdraw the defense and deny indemnity. (Id.)

Shortly after Defendant Diner brought the state court action, Plaintiff filed

this action in federal court seeking a declaratory judgment that the insurance policy it issued to Defendant Transformus affords no coverage for the damages sought by Defendant Diner in the state court action. Subsequently, the Court directed the parties to show cause why the Court should not recommend that the District Court exercise its discretion and dismiss this case. The parties having now had an opportunity to respond to the Court's Order, the Court will address the pending motions and whether the exercise of jurisdiction is warranted in this case.

## II. Analysis

The Federal Declaratory Judgment Act (the "Act") provides that a federal district court "may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a). The Act, however, does not provide an independent basis for federal jurisdiction. City Nat'l Bank v. Edmisten, 681 F.2d 942, 945 n.6 (4th Cir. 1982). Accordingly, Plaintiff relied on the Court's diversity jurisdiction to provide the jurisdictional basis for filing this case in federal court.

Even where diversity jurisdiction is proper, however, a federal court possess the discretion to decline to hear a declaratory action under certain circumstances. Wilton v. Seven Falls Co., 515 U.S. 277, 286, 115 S. Ct. 2137, 2142 (1995) ("Since its inception, the Declaratory Judgment Act has been

understood to confer on federal courts unique and substantial discretion in deciding whether to declare the rights of litigants."); Centennial Life Ins. Co. v. Poston, 88 F.3d 255, 256 (4th Cir. 1996) ("This power has consistently been considered discretionary."); Continental Cas. Co. v. Fuscardo, 33 F.3d 963, 965 (4th Cir. 1994); Mitcheson v. Harris, 955 F.2d 235, 237 (4th Cir. 1992).

Courts should normally exercise jurisdiction over a declaratory judgment action where the judgment "will serve a useful purpose in clarifying and settling the legal relations in issue and . . . will terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to the proceeding." Fuscardo, 35 F.3d at 965 (internal quotations and citations omitted). A declaratory judgment, however, "should not be used 'to try a controversy by piecemeal, or to try particular issues without settling the entire controversy, or to interfere with an action which has already been instituted.'" Poston, 88 F.3d at 256-57 (quoting Aetna Cas. & Sur. Co. v. Quarles, 92 F.2d 321, 325 (4th Cir. 1937)). Moreover, where a related action is pending in state court, the federal district court should consider whether the state court is better situated to handle the controversy. Id. at 257. Finally, courts are guided by "the same consideration of federalism, efficiency, and comity that traditionally inform a federal court's discretionary decision whether to abstain from exercising jurisdiction over state-law claims in

the face of parallel litigation in the state courts." Nautilus Ins. Co. v. Winchester Homes, Inc., 15 F.3d 371, 376 (4th Cir. 1994).

In addition to these general principles and concerns, the United States Court of Appeals for the Fourth Circuit has set forth four additional factors that a court must consider in deciding whether to exercise its discretion and hear a declaratory judgment action. Poston, 88 F.3d at 257; Fuscardo, 35 F.3d at 966. These factors include:

> 1) the strength of the state's interest in having the issues raised in the federal declaratory action decided in the state court; 2) whether the issues raised in the federal action can be more efficiently resolved in the pending state action; 3) whether the federal action might result in unnecessary entanglement between the federal and state systems due to overlapping issues of fact or of law; and 4) whether the federal action is being used merely as a device for 'procedural fencing.; i.e., to provide another forum in a race for *res judicata*.

Fuscardo, 35 F.3d at 966; see also Poston, 88 F.3d at 257; Pa. Nat'l Mut. Cas. Ins. Co. v. Jones, No. 2:12cv7, 2012 WL 4364326, at *4 (W.D.N.C. Aug. 27, 2012) (Howell, Mag. J.) (applying factors and declining to exercise jurisdiction); Argonaut Great Cent. Ins. Co. v. McDowell Cnty., 626 F. Supp. 2d 554 (W.D.N.C. 2009) (Howell, Mag. J.) (same); State Farm Mut. Auto. Ins. Co. v. Baker, No. 3:08cv355, 2008 WL 5255802, at *2 (W.D.N.C. Dec. 16, 2008) (Mullen, J.) (same); Firemen's Ins. Co. of Washington, D.C. v. Hunter Constr. Group, Inc., No. 3:07cv120, 2008 WL 2247138, at *2 (W.D.N.C. May 29, 2008) (Mullen, J.)

(same).

Under the first factor, North Carolina has an interest in the construction and interpretation of the insurance policies at issue because the policies are governed by state law. See Fuscardo, 35 F.3d at 966-67; Mitcheson v. Harris, 955 F.2d 235, 238 (4th Cir. 1992); Baker, 2008 WL 5255902, at *2. Although the Fourth Circuit has made clear that this interest alone is insufficient to decline jurisdiction, it does weight in favor of declining jurisdiction. Fuscardo, 35 F.3d at 967. This factor is especially relevant to this dispute, however, because this is not a case involving the straight forward application of settled state law to disputed facts. See e.g. Nautilus, 15 F.3d at 378 ("In this case, unlike *Mitcheson*, the questions of state law raised in the federal action are not close, difficult, or problematic; instead, they involve the routine application of settled principles of law to particular disputed facts.")

As both parties seem to acknowledge, this case involves a nuanced application of North Carolina law to largely undisputed facts. Although recently denied as moot by this Court as the result of the filing of Plaintiff's Amended Complaint, both parties filed Motions for Judgement on the Pleadings. In fact, Plaintiff states the following in its response to the Court's Show Cause Order:

> Finally, it is worth noting that the insurance coverage dispute in this case involves highly unique factual allegations arising from a "Burning Man" even known as the "Transformus Festival." The insurance policy language at issue is not standardized language found in typical (ISO

> form) commercial general liability insurance policies. This is unlike a case involving standard UIM coverage, for example, or standardized homeowner's insurance policies.

(Pl.'s Resp. Court's Show Cause Order at p. 10.) Plaintiff goes on to describe the dispute before the Court as one "addressing unique facts and a unique policy . . . ." (Id.) Although Plaintiff highlights the uniqueness of the policy and the legal issues before the Court as an argument for why this case does not present a compelling issue of North Carolina law (id.), Plaintiff's statements regarding the uniqueness of the policy and the specific question regarding insurance coverage pending before the Court further demonstrate the strong interest that the North Carolina state courts have in applying North Carolina law to this unique policy under the unique facts of this case.

Although Plaintiff may be correct that it is not obligated to provide coverage for any damages stemming from the state court action, the North Carolina Superior Court has the greatest interest in making this decision. While this factor alone is not sufficient to decline to exercise jurisdiction, when considered in conjunction with the other factors, as well as the general principals set forth by the Fourth Circuit and the United States Supreme Court, the fact that state law controls the legal questions before the Court weighs in favor of declining to exercise jurisdiction. See Fuscardo, 35 F.3d at 966-67; Baker, 2008 WL 5255902, at *2.

Similarly, the second factor weighs against the Court exercising jurisdiction over this action because the issues should be resolved in a single court system. See Mitcheson, 955 F.2d at 239; Hunter Constr., 2008 WL 2247138, at *3; Baker, 2008 WL 5255802, at *2. The underlying state court action was filed shortly before Plaintiff brought this action in this Court, and the state court action is still pending in state court. It is more efficient for a single court system to resolve the coverage and liability issues than to allow parallel proceedings in state court as to liability and in federal court as to the insurer's duty to provide insurance coverage. See Mitcheson, 955 F.2d at 239; Fuscardo, 35 F.3d at 967-68; Hunter Constr., 2008 WL 2247138, at *3. Moreover, the situation in this Court is significantly different from the situation in Nautilus, where the United States District Court for the District of Maryland declined to exercise jurisdiction and granted a motion to dismiss filed one week before trial was scheduled in federal court, after the parties had engaged in several months of extensive discovery, after the court had issued a ruling on summary judgment motions, and over a year after the declaratory judgment action was originally filed in federal court. Nautilus, 15 F.3d 372-74. Obviously, the efficiencies and rationale for resolving disputes such as this in one court system change significantly once the parties have undertaken the litigation efforts in federal court such as the parties in Nautilus had undertaken prior to the

Court dismissing the declaratory judgment action. Discovery is still ongoing in this case even though the parties have admittedly engaged in little discovery. (Pl.'s Br. Supp. Mot. Leave to File Am. Compl. at p. 4.) The Court recently allowed Plaintiff leave to amend its Complaint and, thus, denied as moot the pending Motions for Judgment on the Pleadings. The parties will now have to file renewed motions based on the Amended Complaint. The Court finds that this case can be best resolved in the court system that has been handling the underlying action giving rise to this insurance dispute.

The third factor also weighs against exercising jurisdiction over the dispute as the Court's resolution of the insurance coverage issue could result in the unnecessary entanglement with the state court action. To the extent that any factual issues regarding the accident will need to be resolved by this Court to determine insurance coverage, such issues could create unnecessary entanglement with the state court proceedings. Although this third factor does not weigh strongly against exercising jurisdiction, when weighed in balance with all the factors, the Court finds that declining to exercise jurisdiction is the proper course of action in this case, even if this Court could resolve all these issues without becoming entangled in the state court action.

Finally, the Court must consider whether Plaintiff filed this action as a type

of procedural fencing. See Fuscardo, 35 F.3d at 966. Although not necessarily procedural fencing, Plaintiff filed this action in federal court because it believes it will get a more reasoned opinion from this Court than the state court where the related action is pending. In addition, Plaintiff contends that "most importantly, federal courts afford greater impartiality to litigants because federal judges are not beholding to voters, including local attorneys who represent claimants and insureds." (Pl.'s Resp. Court's Show Cause Order at p. 24.) As previously discussed, the state courts are more than capable of interpreting state law and determining whether the insurance policies at issue provide coverage and/or a duty to defend.

Given North Carolina's interest in resolving issues of substantive state law in state court, the efficiency of resolving both the underlying liability and coverage issues in a single state court system, Plaintiff's stated rationale for seeking a ruling in federal court, and considering the notions of federalism, efficiency, and comity, the Court finds that declining to exercise jurisdiction over this dispute is warranted. In short, the resolution of the issues raised in the declaratory judgment action should be left the state court where the underlying action is pending. Accordingly, the Court **RECOMMENDS** that the District Court **DISMISS without prejudice** this case.

## III. Conclusion

The Court **RECOMMENDS** that the District Court **DISMISS without prejudice** this case.

Signed: December 15, 2015

Dennis L. Howell
United States Magistrate Judge

## **Time for Objections**

The parties are hereby advised that, pursuant to 28, United States Code, Section 636(b)(1)(C), and Rule 72, Federal Rules of Civil Procedure, written objections to the findings of fact, conclusions of law, and recommendation contained herein must be filed within **fourteen (14)** days of service of same.  **Responses to the objections must be filed within fourteen (14) days of service of the objections.**  Failure to file objections to this Memorandum and Recommendation with the district court will preclude the parties from raising such objections on appeal.  Thomas v. Arn, 474 U.S. 140 (1985), reh'g denied, 474 U.S. 1111 (1986); United States v. Schronce, 727 F.2d 91 (4th Cir.), cert. denied, 467 U.S. 1208 (1984).